IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[10] OMAR CORTEZ RIVERA<br>also known as "Ponce"<br>Defendant. | Criminal No. 04-414(PG) |



**PLEA AGREEMENT**
**(Pursuant to Rule 11(c)(1)(A) & (B) FRCP)**

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys for the District of Puerto Rico, Rosa Emilia Rodriguez Velez, United States Attorney, Jose A. Ruiz, Assistant U.S. Attorney, Chief, Criminal Division, and Antonio R. Bazan, Assistant United States Attorney, and the defendant, **Omar Cortez Rivera,** and the defendant's counsel, Wilfredo Rios Mendez, Esq., and pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, they have reached an agreement, the terms and conditions of which are as follows:

1.  COUNTS TO WHICH DEFENDANT PLEADS GUILTY

The defendant agrees to plead guilty to COUNT SIX of the pending Second Superseding Indictment which charges as follows:

On or about July 25, 2003, in the District of Puerto Rico and within the jurisdiction of this Court,

**[10] Omar Cortez Rivera, also known as "Ponce",**
**[4] Juan Castillo Torres, also known as "Pituti" and "Bin Laden",**
**[1] Juan Carlos Arce Valentin, also known as "Juanca" and "Gordo",**

PLEA AGREEMENT
Criminal No. 04-414(PG) **Page No. 2**

the defendants herein and others to the Grand Jury unknown, aiding and abetting each other, did knowingly use, carry and possess a firearm in furtherance of a drug trafficking crime, that is, pistols and rifles of unknown brands, during and in relation to the commission of an offense punishable under the Controlled Substances Act, that is, a violation of Title 21, United States Code, Sections 846 and 841(a)(1) as charged in Count Five, of this Indictment, involving the conspiracy to possess with the intent to distribute cocaine, cocaine base, Schedule II Narcotic Drug Controlled Substances and marihuana, a Schedule I Controlled substance. All in violation of Title 18, United States Code, Section 924(c)(1) and 2.

2. MAXIMUM PENALTIES

The penalty for the offense charged as COUNT SIX of the Indictment is a minimum statutory fixed mandatory term of five (5) years of imprisonment and a maximum term of life imprisonment, a fine not to exceed two hundred fifty thousand ($250,000.00) dollars, and a term of supervised release of not more than five (5) years in addition to any term of incarceration, pursuant to Title 21 United States Code, Sections 841(a)(1). In the case of this defendant, who is a "**Career Offender**" the sentence is to be determined pursuant to United States Sentencing Guidelines §4B1.1(c)(1) and (c)(3).

The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per offense of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013.

3. APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551,

PLEA AGREEMENT
Criminal No. 04-414(PG)                                                                                    **Page No. 3**

*et. seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware parole has been abolished and the imposition of sentence may not be suspended. In this case the defendant acknowledges that the Court may impose a term of life imprisonment pursuant to the statute or may impose any other sentence, including one following the applicable Sentencing Guideline calculations.

4.  SPECIAL MONETARY ASSESSMENT

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00), that is, $100.00 per each count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

5.  FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2(i) of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make not make any recommendations as to the imposition of fines or restitution.

6.  RULE 11(c)(1)(B) WARNINGS

The defendant is aware the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or

PLEA AGREEMENT
Criminal No. 04-414(PG)

<u>Page No. 4</u>

the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7.  SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are now advisory, <u>United States v. Booker</u>, 543 U.S. 220, 225 (200), 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant" in imposing sentence. <u>Booker</u>, 543 U.S. . at 225. Therefore, the United States and the defendant submit the following advisory Sentencing Guideline calculations as to COUNT ~~FIVE~~ SIX [handwritten initials]

    a.    BASE OFFENSE LEVEL:
The defendant accepts responsibility for the possession of firearms, as charged in Count Six of the Indictment, in furtherance of the drug trafficking crimes punishable under the Controlled Substances Act, that is violations of Title 21, <u>United States Code</u>,§ 846 and §841(a)(1) as charged in Count Five of the Second Superseding Indictment, that is the conspiracy to possess with the intent to distribute Schedule I and Schedule II Controlled Substances Substance Cocaine, including its overt act #2 of July 25, 2004, in violation of Title 18, <u>United States Code</u>, Section 924(a)(c)(1)(A) and 924(c)(1)(B)(ii). The defendant is a "Career Offender" and thus U.S.S.G. §4B1.1(c)(1) and (c)(3) apply. The Offense Level is <u>37</u>.

    b.    SPECIFIC OFFENSE CHARACTERISTICS:
None.

    c.    ROLE IN THE OFFENSE ADJUSTMENTS
None.

    d.    OBSTRUCTION OF JUSTICE ADJUSTMENTS
None.

    e.    ACCEPTANCE OF RESPONSIBILITY
Acceptance of Responsibility pursuant to §3E1.1(a) is agreed for a Two (2) level reduction.

    f.    TOTAL ESTIMATED OFFENSE LEVEL:
Total estimate offense level is 35 with Criminal History Category of VI, which has a range of 292 to 365 months of imprisonment.

8.    NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree no further adjustments or departures to the defendant's base offense level pursuant to any guideline or statute shall be sought by the parties. The parties agree the Specific Sentence Recommendation is reasonable and will not argue anything to the contrary.

9.    NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties have agreed that defendant is a "Career Offender pursuant to his Criminal record and U.S.S.G. §4B1.1(c)(1) and (c)(3).

10.    SPECIFIC SENTENCE RECOMMENDATION

As part of this Plea Agreement, the parties agree to recommend a term of imprisonment for Count Six of **Three Hundred (300) months of imprisonment.**

11. DISMISSAL OF REMAINING COUNTS

At the time of sentence, the United States will request the dismissal of <u>Count Five</u> of the Second Superseding Indictment.

12. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with counsel, Wilfredo Rios Mendez, Esq., and indicates counsel has rendered effective legal assistance.

13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not

convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

      c.     If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

      e.     At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

    14.    STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have

PLEA AGREEMENT
Criminal No. 04-414(PG)

<u>Page No. 8</u>

proven those facts beyond a reasonable doubt.

15. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

16. ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and deny the existence of any other term and conditions not stated herein.

17. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

18. WAIVER OF APPEAL

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal the judgment and sentence in this case.

19. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges no threats have been made against the defendant and the

defendant is pleading guilty freely and voluntarily because the defendant is guilty.

ROSA EMILIA RODRIGUEZ VELEZ
United States Attorney

_____
José A. Ruiz
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 03/05/07

_____
Antonio R. Bazán, 117007
Assistant U.S. Attorney
Chief, Violent Crime Unit
Dated: 3/06/2007

_____
Wilfredo Rios Mendez, Esq.
Counsel for Defendant
Dated: 3/6/07

_____
Omar Cortez Rivera
Defendant
Dated: 3-6-07

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 3·6·07

_____
Omar Cortez-Rivera
Defendant

I am the attorney for the defendant. I have fully explained defendant's rights to the defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 3·06·07

_____
Wilfredo Rios-Mendez, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, and pursuant to Local Rule 418.2(A), the United States of America and the defendant, Omar Cortez Rivera (hereinafter the "Defendant"), agree the following stipulation of facts provide a true and accurate summary of the facts leading to the Defendant's acceptance of criminal responsibility for his knowing and intentional violations of Title 21, United States Code, sections 846 and 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 841(b)(1)(D).

Beginning on or about the year 2002, the exact date unknown, the Omar Cortez Rivera, also known as "Ponce" joined an on-going narcotics trafficking conspiracy at the drug point operating in the El Flamboyan Public Housing Project where he purchased narcotics from its owner operator A. L. A. C., also known as "Lito." This defendant at different times would stay at El Flamboyan Housing Project and once he brought for a short span of time, three to four weeks, a line of narcotics for distribution at said Housing Project. At times he acted as an enforcer and kept firearms and narcotics at different locations in the Housing Project. This drug point sold powder cocaine, crack cocaine and marijuana and operated at multiple locations within the Public Housing Project.

The United States, at trial, would have proven beyond a reasonable doubt that defendant, Omar Cortez Rivera, is guilty as charged in COUNT SIX of the Indictment by producing evidence that on July 25, 2004, he was in possession of a firearm along with three other members of the conspiracy, that is defendant #4," defendant #1 and E. N., also known as "Canito." At that time, each one of the aforementioned discharged their respective firearms in furtherance of the narcotics conspiracy charged in Count Five of the Indictment.

Had defendant gone to trial the evidence would further show that he joined the conspiracy in this case, committed acts or joined acts in furtherance of the conspiracy and the United States would also present evidence in the form of additional seizures of controlled substances, firearms, magazines, ammunition, forensic laboratory reports, and other physical evidence, as well as, the testimony of, among others, United States and Puerto Rico law enforcement agents, forensics experts, and the testimony of informants and documents seized which corroborate his role in the offense. In the specific case of Omar Cortez Rivera, the United States would have also presented evidence from eyewitness that he actively participated in the commission of the acts described in Overt Act #2 of July 25, 2004.

Other evidence against this defendant will also include the recorded walkie-talkie conversations between the operators of the drug point and the testimony of informant(s) and two cooperating co-defendants regarding sales of narcotics at the drug point..

| | | |
|---|---|---|
| Antonio R. Bazán<br>Assistant U.S. Attorney<br>Dated: 3/05/2007 | Wilfredo Rios Méndez, Esq.<br>Counsel for Defendant<br>Dated: 3-6-07 | Omar Cortez Rivera<br>Defendant<br>Dated: 3-6-07 |