1

```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO




UNITED STATES OF AMERICA        )
                                )
vs.                             )
                                )
10) OMAR CORTEZ-RIVERA          ) CR. 04-414(PG)




                        SENTENCING HEARING


held before the HONORABLE JUDGE JUAN M. PEREZ-GIMENEZ on July
6, 2007, at 9:30 a.m.





FOR THE GOVERNMENT:

ANTONIO BASAN, AUSA



FOR THE DEFENDANT:

WILFREDO RIOS-MENDEZ, ESQ.
```

1
2        COURTROOM DEPUTY CLERK:  Criminal Case 04-414, United
3   States of America versus Omar Cortez-Rivera, for sentence.
4          On behalf of the Government, Assistant U.S. Attorney
5   Antonio Basan.
6          On behalf of the defendant, Wilfredo Rios-Mendez.
7          The defendant is present.  He will be assisted by the
8   official court interpreter.
9          MR. BASAN:  Good morning, Your Honor.  Assistant U.S.
10  Attorney Antonio Basan.  We are ready to proceed.
11         MR. RIOS-MENDEZ:  Good morning, Your Honor.  Attorney
12  Wilfredo Rios-Mendez for the defendant.  We are ready to
13  proceed.
14         THE COURT:  Good morning.  The matter is before the
15  Court for sentence this morning.
16         Counsel, have you read the presentence report?
17         MR. RIOS-MENDEZ:  Yes, Your Honor, we have.
18         THE COURT:  Have you explained the contents of the
19  report to your client?
20         MR. RIOS-MENDEZ:  Yes, we have, Your Honor.
21         Mr. Cortez, has your attorney read to you or
22  translated to you the contents of the presentence report?
23         THE DEFENDANT:  Yes, Your Honor.
24         THE COURT:  From the information that he provided to
25  you, is there anything that needs to be corrected at this time?

```
1              Do you want any corrections made to the report, or
2    not?
3              THE DEFENDANT:  No, Your Honor.
4              THE COURT:  Mr. Rios, any?
5              MR. RIOS-MENDEZ:  Your Honor, we have no objections to
6    the presentence report.
7              THE COURT:  Okay.  Counsel for the Government?
8              MR. BASAN:  None on the part of the Government, Your
9    Honor.
10             THE COURT:  Counsel, is there anything you would like
11   to state to the Court on behalf of your client before I
12   pronounce sentence?
13             MR. RIOS-MENDEZ:  Yes, Your Honor.
14             When we finally discussed the issue of Plea Agreement,
15   we were under the impression that our client was a career
16   offender.  Nevertheless, though we did our math, we went to the
17   parole office and requested an assessment.
18             THE COURT:  You mean, probation?
19             MR. RIOS-MENDEZ:  Yes, sir.
20             There, they confirmed that he was a career offender.
21   Therefore, when we entered into the plea, hastily, very near
22   the trial date, we got what we believed was proper:  An
23   agreement to a 25-year sentence, due to the fact that he was a
24   career offender and that that was the best we could do.
25             And our client urged us to do that.
```

```
 1            He was under the impression that he was a career
 2   offender, as we advised.
 3            Now, Your Honor, we faced the situation that he was
 4   found not to be a career offender.  And we want that to be
 5   clear on the record, that that disparity is pending in our
 6   mind, and that when we entered the Plea Agreement, we assessed
 7   calculations, the guideline calculations, based on erroneous
 8   data.
 9            I have been thinking about why I came to those
10   conclusions, personally, not concerning other persons'
11   conclusions, but his criminal record as I saw it, as I received
12   it, was not accurate after I saw the presentence report.
13            So, therefore, that's the only conclusions I can come
14   to.
15            Further, Your Honor, this gentleman is facing a
16   probable 25-year sentence at federal level.
17            He has a 54-year sentence at state level.  And this is
18   the only count that he is going to be sentenced upon.
19            So taking all these things into consideration, Your
20   Honor, we would request from the Court to consider a
21   concurrency, somehow, with a state level sentence, or a
22   combination of concurrency and consecutive, which is allowed by
23   law, in order to come to a just and reasonable sentence
24   amenable to what the law requires, Your Honor.
25            THE COURT:  Thank you.
```

```
 1             Mr. Cortez, do you care to state anything?  You don't
 2   have to.  You may do so, but you don't have to.
 3             THE DEFENDANT:  No, Your Honor.
 4             THE COURT:  Anything from the Government?
 5             MR. BASAN:  Your Honor, just to state the terms of the
 6   Plea Agreement where the United States is requesting 300 months
 7   of imprisonment in this case.
 8             The statement of stipulation of facts is part of the
 9   Plea Agreement and, of course, this plea in Section 924C1 where
10   a gun was discharged, relates to an overt act of the conspiracy
11   where the defendant is charged with the death of another
12   individual.
13             For that reason is that the Government, at the time of
14   the Plea Agreement, in some way agreed with attorney for the
15   defendant to recommend 300 months of imprisonment.  And we
16   submit that that is the just sentence in this case as agreed in
17   the Plea Agreement.
18             THE COURT:  Let me ask you this.  During the plea
19   negotiations, the fact that he may have been or not a level six
20   career offender, did that in any way alter the period of 25
21   years that the Government proposed to the defendant as the Plea
22   Agreement?
23             MR. BASAN:  No, Your Honor.  That in no way it
24   altered.  In fact, he benefited from this Plea Agreement by a
25   recommendation of 300 months of imprisonment, that is, 25 years
```

```
 1   of imprisonment.  Whereas, if he had pled as the other
 2   co-defendants to the overt act charged in the conspiracy with
 3   the death of another individual --
 4           THE COURT:  Is that the death of Johan?
 5           MR. BASAN:  No.  The death of -- excuse me.  I need to
 6   check the overt acts.
 7           That's the death of Jasel (Phonetic) Velazquez-Pagan
 8   on July 25, 2003.  This is Overt Act No. 2.
 9           So I submit that at the time we agreed to this
10   sentence recommendation, had the defendant pled as the others
11   did to the overt act, the minimum sentence would have been 360
12   months to life.
13           THE COURT:  Three sixty-five.  No?
14           MR. BASAN:  No.  Three sixty to life.  After pleading
15   to the overt act.  And the Court could have sentenced him to
16   life if the facts of the case was considered.
17           However, since defendant had a prior sentence for
18   which he is committed in state court to 54 years of
19   imprisonment, at that time Counsel and the Government agreed
20   that a Change of Plea to the gun count would be in the best --
21   to the benefit of defendant, more than pleading to the Count
22   Five, which was a conspiracy count, and had the overt act where
23   he was involved in the murder.
24           For that reason is that we, at that time, recommended
25   and today still recommend the 300 months of imprisonment.
```

1  THE COURT: Do you recall how long prior to the actual
2  date of the plea was the Government -- did the Government
3  submit the proposed Plea Agreement to the defendant?
4  MR. BASAN: We have been in plea conversations for a
5  very long time, but -- no, I don't have that information from
6  his file. Probably Counsel remembers better. It has been --
7  it was less than a week before the day of trial.
8  THE COURT: He pled on the day of trial.
9  MR. BASAN: He pled on the day of trial.
10 THE COURT: The reason I asked that last question is
11 because Counsel said that the plea was entered hastily. And
12 that's why I ask if plea negotiations had been going on prior
13 to the day of trial. Because I read into this, Counsel, that
14 maybe you are opening the door for a 2255.
15 MR. RIOS-MENDEZ: I understand that, Your Honor. But
16 it is my personal opinion that I should always be ready to
17 respond with the truth for whatever actions I may have taken
18 professionally and personally.
19 THE COURT: But as you stated before, did your client
20 tell you or instructed you to accept the Plea Agreement for 25
21 years?
22 MR. RIOS-MENDEZ: Yes, sir.
23 THE COURT: So whether he is a criminal history
24 category of six or not, if he gets 25 years, for all purposes,
25 that is what the Plea Agreement --

```
 1              MR. RIOS-MENDEZ:  Yes, Your Honor.  That is totally
 2   correct.  But just to make things crystal clear, Your Honor,
 3   the defendant from the get-go wanted to plea out.
 4              THE COURT:  Okay.
 5              MR. RIOS-MENDEZ:  And he was denied, basically, the
 6   opportunity to come to an agreement.  And he was instructed by
 7   me that -- well, at least counseled by me, that he had no right
 8   to plea; he had a right to go to trial.  Nevertheless, Your
 9   Honor, he always insisted that he wanted to try to plead.
10              And we did speak to Counsel for the Government.  On
11   many occasions we criss crossed e-mails -- and about a month
12   prior to trial date, we had no commitment and we had no -- not
13   advanced.  And Government Counsel averred that there was no
14   Plea Agreement reachable with this defendant.  So we --
15              THE COURT:  You prepared for trial?
16              MR. RIOS-MENDEZ:  We prepared for trial.
17              We were ready for trial, Your Honor, and at the last
18   moment, as Counsel for the Government has stated accurately, he
19   offered 25 years, which we were amenable to.
20              THE COURT:  And your client instructed you to accept
21   that?
22              MR. RIOS-MENDEZ:  Yes, Your Honor.  That is totally
23   correct.
24              THE COURT:  All right.  Of course, the Government is
25   not under any obligation to submit any plea agreements.  And I
```

1   presume that, because I'm very well aware of the factors in
2   this case, that once other defendants decided to plea, and the
3   Government analyzed the whole case -- how many defendants would
4   be going to trial or not -- and then according to that
5   strategic planning, then, the Government came down with plea
6   offers approximately a week before trial.  So there is no
7   impediment to the Government to work that way, their cases.
8           MR. RIOS-MENDEZ:  We are aware of that, Your Honor.
9           THE COURT:  If your client told you 'I'll take the 25
10  years and I've been wanting to plead guilty since day one,'
11  well, then that's what he pled to, 25 years.
12          MR. RIOS-MENDEZ:  Yes.
13          MR. BASAN:  Your Honor, also, Counsel was made aware
14  that under these sentencing agreements, the Plea Agreements or
15  sentencing scheme of pleading guilty to Section 924C, was the
16  only possible way to have the defendant sentenced to less than
17  360 months of imprisonment because, otherwise, even if he was
18  criminal history category five and he pled to Count Five, which
19  was the conspiracy, he would have had to be sentenced to 360 or
20  more months of imprisonment.
21          THE COURT:  All right.
22          MR. BASAN:  This was the only available -- and still
23  is today -- the only available way that he could be sentenced
24  to less than 360 months of imprisonment.
25          THE COURT:  With this factual background, then, the

1  Court is satisfied that when the defendant pled, he was acting
2  with full knowledge of the subsequences, that he was acting
3  voluntarily, and that he had not been threatened or in any way
4  forced to accept that plea since, since the beginning he wanted
5  to plea out and he instructed you to accept the 25 year plea.
6  So there is no reason for the Court to think otherwise, that
7  the plea was voluntarily and knowledgably entered.
8          MR. RIOS-MENDEZ:  Yes, Your Honor.
9          We understand that also, and we have explained that to
10 our client.  But considering the fact that he still has a
11 54-year sentence at state level and now faces a 25-year
12 sentence, probably, by this    Court --
13         THE COURT:  I can tell you now, I'm going to follow
14 the Plea Agreement.  So it's not probably.  That's going to be
15 the sentence.
16         MR. RIOS-MENDEZ:  A concurrency, probably, Your Honor,
17 with the state.
18         THE COURT:  That's right.  That's going to be the
19 sentence.
20         So on March 6, 2007, Omar Cortez-Rivera pled guilty to
21 Count 6 of the indictment in Criminal 04-414, which charged him
22 with violating Title 18, United States Code, Section 924C1.
23         And the Court has used the November 1, 2006, edition
24 of the now-advisory sentencing guidelines manual.
25         Based on Guideline 2K2.4B, the count of conviction is

1  precluded from the sentencing guideline calculations, since
2  it's a statutory sentence that must be imposed.  As such, the
3  guideline sentence is a minimum term of imprisonment required
4  by statute, which in this case is 120 months.
5           The supervised release term in this case is from three
6  to five years.  The maximum fine is $250,000, pursuant to
7  18USC3571B3.
8           Before the Court is a 29-year old individual who has
9  been a lifelong resident of this district with strong family
10 ties.
11          Furthermore, the Court notes that for purposes of
12 imposing a sentence in accordance with the provisions of
13 18USC3553A, the defendant has accepted responsibility for his
14 involvement in the instant offense.  Nonetheless, the Court
15 notes that the defendant has been involved in criminal activity
16 since his adolescence, with several prior felony convictions
17 involving firearms, controlled substances, and a conviction for
18 murder in the second degree, for which the defendant is
19 currently serving an imprisonment term at the state level.
20          The Court has also considered the nature and
21 circumstances of this offense and all the other sentencing
22 factors set forth in 18USC3553A, as well as the Plea Agreement
23 reached between the parties.
24          Therefore, it is the judgment of this Court that the
25 defendant is hereby committed to the custody of Bureau of

1  Prisons to be imprisoned for a term of 300 months, to be served
2  concurrently with any other sentence he is currently serving.
3          Upon release from confinement, you shall be placed on
4  supervised release for a term of five years under the following
5  conditions.
6          You shall not commit another federal, state or local
7  crime and observe the standard conditions of supervised release
8  recommended by the sentencing commissioned adopted by this
9  Court.
10         You shall refrain from any unlawful use of a
11 controlled substance and submit to one drug test within 15 days
12 of release; thereafter, to submit to random drug testing, not
13 to exceed 104 samples per year, in accordance with the drug
14 aftercare program policy of the U.S. probation office, as
15 approved by this Court.
16         You shall provide the probation officer access to any
17 financial information upon request.
18         You shall submit your person, residence, office or a
19 vehicle to a search conducted by a United States probation
20 officer at a reasonable time and in a reasonable manner, based
21 upon reasonable suspicion of contraband or evidence of a
22 violation of a condition of release.
23         Failure to submit to such a search may be grounds for
24 revocation.  And you shall warn any other residents that the
25 premises may be subject to searches pursuant to this condition.

```
 1              You shall participate in a vocational training and/or
 2   job placement program recommended by the probation officer.
 3              You shall cooperate in the collection of a DNA sample
 4   as directed by the U.S. probation officer pursuant to the
 5   revised DNA collection requirements in 18USC3563A9.
 6              Having considered your financial condition, a fine is
 7   not imposed.
 8              A special monetary assessment in the amount of $100 is
 9   imposed as required by law.
10              On March 6th you entered into a Plea Agreement with
11   the Government.  As part of that Plea Agreement at paragraph
12   18, you agreed that if the Court accepted the Plea Agreement
13   and sentenced you according to its terms and conditions, that
14   you would waive and surrender your right to appeal the judgment
15   and sentence in this case.
16              At this time the Court has sentenced you to the 300
17   months as recommended both by you, your attorney and the
18   attorney for the Government.  And, therefore, the Court will at
19   this time find that you have, in effect, been sentenced
20   according to the Plea Agreement and, therefore, you are waiving
21   and surrendering your right to appeal the judgment and sentence
22   in this case; and, therefore, the Court will not advise you of
23   any right to appeal this sentence and judgment because, in
24   effect, you have waived the same.
25              Counsel, is there anything else you would like to
```

1  state to the Court on behalf of your client at this time?
2         MR. RIOS-MENDEZ:  Yes, Your Honor.
3         THE COURT:  Go ahead.
4         MR. RIOS-MENDEZ:  Due to the fact that he has some
5  family in the state of Florida and that it would be more
6  possible than not for his parents to visit him in Florida due
7  to the fact that they are poor, he would request for a
8  recommendation for any prison in Florida, especially Coleman.
9         THE COURT:  All right.  Let me, though, make this
10 statement for the record.
11        He is presently under the custody of the state system.
12 He was borrowed through a habeas corpus to the federal system
13 for the purpose of this case.
14        What I don't know is if the Bureau of Prisons will get
15 together with the Administration of Corrections and then
16 designate a prison in the federal system to serve both this
17 federal sentence and the state sentence, which he is the
18 serving.
19        In any event, whatever agreement they may reach, I
20 will recommend to the Bureau of Prisons that if the defendant
21 qualifies, that he be designated to serve the sentence at the
22 federal correctional institution in Coleman, Florida, or in any
23 other prison in the state of Florida.
24        MR. RIOS-MENDEZ:  Yes, Your Honor.  Thank you very
25 much.  There is another request.

| | |
|---|---|
| 1 | THE COURT:  Go ahead. |
| 2 | MR. RIOS-MENDEZ:  There seems to be a personal issue. |
| 3 | He has been precluded from his visitors at the MDC.  He has not |
| 4 | been able to reach his mother or his daughter for a year and a |
| 5 | half. |
| 6 | His mother is here.  His daughter is here.  And he has |
| 7 | requested -- his mother as requested an opportunity to hug him. |
| 8 | THE COURT:  All right.  The marshal is here in court. |
| 9 | In those instances, I leave that to the marshal, if they think |
| 10 | it doesn't present any security problem to them, they can go |
| 11 | ahead and do it.  But I leave that to the marshals. |
| 12 | MR. BASAN:  Thank you, Your Honor. |
| 13 | Your Honor, there is another count where the defendant |
| 14 | is charged, which is Count Five. |
| 15 | Per the Plea Agreement, we request that he be |
| 16 | dismissed from Count Five. |
| 17 | THE COURT:  Count Five is hereby dismissed as to this |
| 18 | defendant. |
| 19 | Thank you.  You may withdraw. |
| 20 | (Hearing concluded.) |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

```
 1
 2
 3
 4
 5                    REPORTER'S CERTIFICATE
 6
 7
 8          I, JOYCE DEL VALLE, Official Court Reporter;
            DO HEREBY CERTIFY that the foregoing transcript
 9  is a full, true and correct record of the testimony that was
    taken down by me by machine shorthand and thereafter
10  transcribed by means of computer aided transcription method.
            I FURTHER CERTIFY that I am in no way interested
11  in the outcome of the case mentioned in said caption.
12
         Signed:   S/JOYCE DEL VALLE
13
14
15
16
17
18
19
20
21
22
23
24
25
```